RHODE ISLAND COUNCIL 94, AFSCME, AFL–CIO

v.

WOONSOCKET SCHOOL COMMITTEE.

No. 96–484–Appeal.

Supreme Court of Rhode Island.

Dec. 18, 1997.

Gerard P. Cobleigh, Warwick, for Plaintiff.

Richard R. Ackerman, Woonsocket, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

### OPINION

PER CURIAM.

This case came before the Supreme Court on November 10, 1997, pursuant to an order directing both parties to appear and show cause why the issues raised by the plaintiff's appeal from a final judgment of the Superior Court denying a motion to confirm an arbitrator's award should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

The city of Woonsocket (Woonsocket) had operated its own school-lunch program for more than twenty years. Most of the workers involved with that school-lunch program were state employees. However, three employees, a coordinator and two truckdrivers, were employed directly by the school committee. When Woonsocket decided to privatize its school-lunch program in 1993, as permitted by G.L.1956 § 16–8–10, it did so by subcontracting the work out to the Marriott Corporation (Marriott), including the three positions formerly filled by appointment by the local school committee. At the time of the privatization of the lunch program, there was only one truck driver employee and a coordinator; the remaining truckdriver position was vacant. Both persons previously employed as the truckdriver and the coordinator were transferred to other higher paying positions within the school department after the privatization.

Rhode Island Council 94, AFSCME, AFL–CIO (the union), plaintiffs, filed two grievances on June 28, 1993, on behalf of the two employees who had been removed from their positions and transferred to higher paying positions by the privatization. Those griev-

ances proceeded to arbitration pursuant to the collective-bargaining agreement between Woonsocket and the union representing the school department employees. At issue in the grievances was whether the elimination of the three positions, including the vacant truckdriver position, violated article 41 of the collective-bargaining agreement. Article 41.1 provided:

"No one outside the bargaining unit shall perform work normally assigned to employees within the bargaining unit nor shall they displace said employees. However, the School Department may subcontract work outside the bargaining unit when:

a. Such work that is subcontracted will not result in termination or layoff or failure to recall from layoff any employee qualified to do the work.

b. Special projects and/or additional work above and beyond that assigned to bargaining unit employees cannot be completed because of time constraints, lack of skills or qualifications to carry out the work."

Article 41.2 provided:

"The School Department agrees that it will not subcontract work which can be satisfactorily and more economically performed by bargaining unit employees, provided it has the facilities for doing the work, and the available personnel."

In a decision rendered on May 24, 1995, the arbitrator concluded that Woonsocket was able to contract with the Marriott for the school-lunch program pursuant to § 16–8–10. He further found that because the truckdriver positions normally assigned to union members were being performed by Marriott employees after the privatization, the use of the Marriott employees constituted a violation of the provisions of article 41.1 of the collective-bargaining agreement. The school committee was required by the arbitrator's award to reinstate union members to those two positions. The arbitrator, however, found that as a result of the elimination of the two truckdriver positions, no one suffered any financial harm and that no individual on

layoff was denied the opportunity to return to that position. Because the work of the program-coordinator position was not being performed by Marriott employees, the arbitrator found that that position need not be reinstated.

The union thereafter, on September 19, 1995, sought confirmation of the arbitrator's award in the Superior Court. Woonsocket objected to the union's award confirmation request and filed a motion to vacate the award. A hearing on the union's request and Woonsocket's motion followed before a Superior Court trial justice on May 14, 1996.

The trial justice at the hearing recognized the appellate-review deference accorded an arbitrator's award by G.L.1956 § 28–9–18. *See also Providence Teachers Union v. Providence School Committee,* 440 A.2d 124 (R.I. 1982); *Jacinto v. Egan,* 120 R.I. 907, 391 A.2d 1173 (1978). Nevertheless, the trial justice concluded that the arbitrator's award was irrational. Consequently, he refused to confirm the award. Final judgment was entered on June 27, 1996. The trial justice failed, however, to vacate the award despite having sustained Woonsocket's objection to the confirmation of the award and he did not otherwise modify or correct the award. The union appealed from the trial justice's refusal to confirm the arbitrator's award.

■■■■ We have reviewed the record below, and we perceive no error in the trial justice's decision. Accordingly, we deny and dismiss the union's appeal and affirm the judgment below. In sustaining Woonsocket's objection to the union's complaint requesting confirmation of the arbitrator's award, the trial justice neglected to vacate that award as he is required to do, pursuant to G.L.1956 §§ 28–9–18 and 28–9–17. Upon remand of the papers in this case to the Superior Court, we direct that court to enter the appropriate order vacating the arbitrator's award.